

# THE ATTORNEY GENERAL

## OF TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 31, 1955

Honorable Mark Wentz
Fire Insurance Commissioner
Board of Insurance Commissioners
International Life Building
Austin, Texas

Opinion No. S-154

Re: Construction of Art.
21.38 of the Texas
Insurance Code as to
payment of gross
premium tax.

Dear Mr. Wentz:

You have requested an opinion from this office as follows:

"Shall the collection of the 5% tax under Article 21.38 (Texas Insurance Code) be governed by whether or not the assured is a resident of Texas or shall it be primarily governed by whether the insurance is on property located in Texas, irrespective of the state in which the assured might reside and irrespective of the fact that the contract of insurance is between a non-admitted insurer and a non-resident insured?"

The provisions of Article 21.38, Sec. 2(d) read as follows:

"(d) The agent so licensed shall report, under oath, to the Board within thirty (30) days from the first day of January and July of each year the amount of gross premiums received by him for such insurance in nonlicensed insurers, and shall pay to the Board a tax of five (5%) per cent thereon. The term 'gross premiums' shall mean the total gross amount of premiums received on each and every such insurance, less returned premiums. In default of the payment of any sum which may be due the State under this law, the Board may sue for the same. The agent so licensed shall keep a separate record of all transactions as herein provided open at all times to the inspection of the Board."

In enacting the provisions of Article 21.38 of the Insurance Code, the Legislature stated in Section 1 thereof

that it was exercising the powers and privileges available to the State by virtue of Public Law 15, Seventy-Ninth Congress of the United States, Chapter 20, First Session, S. 340, as amended (15 U.S.C.A.,Sections 1011-1015) which provide and declare that the business of insurance and the continued regulation and taxation thereof by the several States is in the public interest and is reserved to the States.

Numerous decisions by the Federal courts have upheld the power of the States to levy taxes relating to the business of insurance. It has been held that Section 1012 of Title 15, U.S.C.A.,expressly stating that taxation by States of interstate business of insurance shall continue, is an exercise of the right of Congress to regulate interstate phases of the insurance business. State v. Prudential Insurance Company of America, Newark, N. J., 64 N.E.2d 150, affirm. 328 U.S.823 (1945) A license tax imposed by a State on premiums collected by a foreign insurance company in the State where the tax is applicable to both domestic and foreign insurance has been held valid and not constituting a burden on interstate commerce, in view of the provisions of Section 1012 of Title 15, U.S.C.A.,expressly stating that taxation of interstate insurance business by the States shall continue. Prudential Insurance Company of America v.Murphy, 207 S.C.324, 35 S.E.2d 586, affirm. 328 U.S. 408 (1945). An insurance premium tax law enacted by a State imposing a tax on premiums collected by domestic and foreign insurance companies in the State has also been held valid on the same grounds, and on the additional ground that such laws do not discriminate against interstate commerce. State v. Prudential Insurance Company of America, Newark, N.J. (supra). It has also been held that under Section 1011 et seq. of Title 15, U.S.C.A., States may regulate insurance business within the State though it is conducted across State lines. American Universal Insurance Company v. Sterling, 203 F.2d 159 (1953).

A Texas agent is authorized to place direct lines of insurance with insurers not authorized to do business within this State only when the insured has been unable, after diligent effort, to procure from any licensed company or companies the full amount of insurance required to protect the property, liability or risk desired to be insured and then only in such amount as constitutes the excess over the amount so procurable from licensed companies. Art. 21.38 of the Insurance Code. Further, a Texas agent may place such excess insurance in insurers not licensed to transact insurance business in this State only when he possesses an excess agent's license as required by Section 2 of Article 21.38 of the Insurance Code. It is clear, then, that a Texas agent so placing such excess insurance transacts such

business under and subject to the provisions of Article 21.38 and all gross premiums received by him for such insurance are derived under and by virtue of his excess agent's license issued to him by this State. The State has set the terms and conditions for the issuance of such licenses and has levied a tax on all gross premiums received by an excess insurance agent doing business under and by virtue of such license.

Article 21.38 does not limit the levying of the tax only to the amount of gross premiums received by the agent for such insurance on property located in the State of Texas, nor is the levy of the tax limited only on the gross premiums received by the agent for such insurance on property of insureds who are residents of Texas. Section 2(d) of Article 21.38 defines the term "gross premiums" as follows:

> "The term 'gross premiums' shall mean the total gross amount of premiums received on each and every such insurance less returned premiums." (Emphasis supplied.)

It appears that the Legislature has clearly and plainly defined the term "gross premiums" as including all gross premiums (less returned premiums) received by the agent on each and every policy or certificate of insurance procured under the provisions of Article 21.38.

Our opinion is, therefore, that all gross premiums received by a Texas agent for such insurance, under the provisions of Article 21.38, are subject to the five percent (5%) tax provided for in Section 2(d) thereof, regardless of the situs of the res on which the insurance is written and regardless of whether the insurance policy is issued to a resident or nonresident of this State.

## SUMMARY

A Texas agent licensed under the provisions of Article 21.38 of the Insurance Code, must report, under oath, to the Board of Insurance Commissioners within thirty (30) days from the first day of January and July of each year the amount of all gross premiums received by him for all insurance placed by lines of direct insurance in insurers not authorized to do business in this State, and must pay to the Board a tax of five percent (5%) thereon.

The tax is levied on all such gross premiums regardless of the situs of the res on which the insurance is written and regardless of whether the insured is a resident or non-resident of the State of Texas.

APPROVED:

J. Fred Jones
State Affairs Division

W. V. Geppert
Reviewer

J. A. Amis, Jr.
Reviewer

Robert S. Trotti
First Assistant

JNC/rt

Yours very truly,

JOHN BEN SHEPPERD
ATTORNEY GENERAL

By James N. Castleberry, Jr.
Assistant